UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMGUARD INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | No. _____ |
| ) | |
| v. ) | |
| ) | |
| NYEEMAH PRESSLEY ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT AND CLAIM FOR
DECLARATORY JUDGMENT APPOINTING UMPIRE**

NOW COMES Plaintiff, AMGUARD INSURANCE COMPANY ("**AmGuard**"), by and through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, allege in this Complaint and Claim for Declaratory Judgment Appointing Umpire, against Defendant, NYEEMAH PRESSLEY ("**Pressley**"), as follows:

**THE PARTIES**

1. Plaintiff, AmGuard, is a corporation incorporated under the laws of Nebraska, with its principal place of business located at 39 Public Square, Wilkes-Barre, PA 18703.

2. Upon information and belief, Pressley is an individual, domiciled at 237 Ohio Avenue, Clementon, NJ 08021-4331.

**JURISDICTION AND VENUE**

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, since the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court, since the parties' dispute involves property in Clementon, New Jersey.

## RELEVANT FACTS

### Claim Background

6.  Pressley resides at 237 Ohio Avenue, Clementon, NJ 08021-4331 ("**Property**").

7.  AmGuard issued a homeowner's insurance policy to Defendant, Nyeemah Pressley, identified as Policy No. NYHO360385, which provided covered for the Property, subject to certain terms, conditions, limitations, and exclusions (the "**Policy**").

8.  As reported by Pressley, the Property alleged sustained damaged on or around June 29, 2022, as the result of a water loss event.

9.  AmGuard retained Pilot Catastrophe Services ("**Pilot**") as an independent insurance adjuster.  Pilot inspected the Property and determined that the claimed damage was caused by a faulty line in the crawl space.

10. Pressley presented an insurance claim to AmGuard under the Policy seeking coverage for a claimed $142,735.15 in water damages.

11. Based on Pilot's inspections and estimates, AmGuard has paid out approximately $56,001.28 to Pressley.

12. The $86,733.87 difference remains in dispute.

### Procedural History of Appraisal Process

13. Relevant here, the Policy contained an "Appraisal" provision, which provides as follows:

    **F. Appraisal**

    If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises"

is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:

    1. Pay its own appraiser; and

    2. Bear the other expenses of the appraisal and umpire equally.

14. The parties failed to agree on the coverage amount of loss. Thus, on June 13, 2023, AmGuard demanded appraisal under the Policy. *See*, AmGuard Appraisal Demand Letter, dated June 13, 2023, attached as Exhibit A.

15. Pursuant to the Policy's Appraisal provision, AmGuard appointed Ronald C. Wengert as an appraiser.

16. Pursuant to the Policy's Appraisal provision, Pressley appointed public adjuster Andrew Weaver as an appraiser.

17. Mr. Wengert proposed 17 qualified umpires, but Mr. Weaver refused to agree to any of the umpires that Mr. Wengert proposed.

## Proposed Umpires

18. For purposes of this action, AmGuard presents a limited number of potential umpires for the Court's consideration, namely John P. Lang, Jr. ("**Mr. Lang**"), Bill Savage ("**Mr. Savage**"), John Herrick ("**Mr. Herrick**"), and Joe Notare ("**Mr. Notare**") as umpires. A compilation of their curriculum vitaes is attached as Exhibit "B."

19. Mr. Lang has extensive experience in construction, insurance claims, and remediation services. Mr. Lang worked at two Insurance and Insurance Damage Restoration companies, where he handled commercial and residential property losses throughout Pennsylvania and New Jersey. Mr. Lang then founded Angle Building Restoration, where he offered damage

loss evaluations and provided consultant services as an appraiser and umpire. Mr. Lang now works at Mark 1 Restoration Services, LLC, where he continues to offer damage loss evaluations and provide consultant services as an appraiser and umpire. Mark 1 Restoration Services, LLC is located in Moorestown, New Jersey.

20. Mr. Savage also has extensive experience in construction, insurance claims, and remediation services. Mr. Savage is a Certified Microbial Remediator with his Home Improvement Contractor License and Institute of Inspection Cleaning and Restoration Certificate. Furthermore, Mr. Savage was the founder and owner of ASG Development Corp., a design and build home development company, where he worked for twelve years, and the founder and president of Savage Group LLC, an insurance property damage restoration contractor performing water, fire, mold, and biohazard mitigation and repair, where he worked for 16 years. Mr. Savage is domiciled in Hazlet, New Jersey.

21. Mr. Herrick has extensive experience in building construction, insurance claims, and remediation services. Mr. Herrick was self-employed as a general building contractor for residential and commercial construction projects for over thirty years, where he crafted solutions for repairs of fire and water-damaged property, was a public insurance adjuster evaluating insurance claims and resolving complex claim issues for Andrew Knox and Company, and, finally, is currently employed as a general manager at Servpro of Toms River. Mr. Herrick is domiciled in Toms River, New Jersey.

22. Mr. Notare has significant experience in construction, appraisals, and water damage remediation. Mr. Notare is the executive vice president of Gemini Restoration Inc., which specializes in fire and water damage restoration and mold remediation. Mr. Notare has worked as a full-service restoration contractor with experience in fire, water, and mold loss evaluation for

thirty-seven years and as a general contractor for new construction and remodeling projects. He further has over twenty-five years of experience in appraisal work. Gemini Restoration, Inc. is located in Union, New Jersey.

23. Mr. Weaver, in turn, proposed Henry Rodriguez, Edmund Peter Walsh, Robert Norton, Tim Sass, Tim Brennan, and Paul Middleton as umpires.

24. Mr. Wengert declined to agree to any of the umpires Mr. Weaver proposed.

## COUNT I

### (Declaratory Judgment Appointing Umpire)

25. AmGuard restates the allegations set forth in paragraphs 1 through 24 as if set forth fully herein.

26. AmGuard seeks the Court's declaration of the parties' rights and duties under the Policy pursuant to 28 U.S.C. § 2201. An actual and justiciable controversy exists, subject to the Court's power to enter declaratory judgment, concerning the appointment of an umpire pursuant to the Policy's Appraisal provision.

27. As set forth above, AmGuard has proposed four qualified umpire candidates who have construction, insurance claims, and appraisal experience, and who can serve competently and impartially as an umpire in this matter.

28. Plaintiff has no reasonable basis to reject any of these proposed umpires.

WHEREFORE, Plaintiff, AMGUARD INSURANCE COMPANY, respectfully requests that this Court enter declaratory judgment appointing as an umpire John Lang, Bill Savage, John Herrick, or Joe Notare to serve competently and impartially.

Dated: January 10, 2024
New York, NY

Respectfully submitted,

**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**

By: _____

Peter N. Billis (NJ Bar No. 317522020)
40 Wall Street, 54th Floor
New York, New York 10005
Telephone: 212.257.7100
Facsimile: 212.257.7199
Email: pbillis@fgppr.com